ROBERT E. OPERA – State Bar No. 101182
ropera@wcghlaw.com
RICHARD H. GOLUBOW – State Bar No. 160434
rgolubow@wcghlaw.com
ANDREW B. LEVIN – State Bar No. 290209
alevin@wcghlaw.com
**WINTHROP COUCHOT**
**GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone:   (949) 720-4100
Facsimile:    (949) 720-4111

Counsel for Liquidating Trustee Appointed under
Confirmed Chapter 11 Liquidating Plan

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>CHANNEL TECHNOLOGIES GROUP, LLC,<br><br>            Debtor.<br><br>─────────────────────────<br>CORPORATE RECOVERY ASSOCIATES, LLC, as Liquidating Trustee appointed under the confirmed Chapter 11 plan of Channel Technologies Group, LLC,<br><br>            Plaintiff,<br>     v.<br>LYNN CHEN,<br><br>            Defendant. | Case No. 9:16-bk-11912-DS<br><br>Adv. Case No. _____<br><br>Chapter 11 Proceeding<br><br>**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS OF PROPERTY**<br><br>**[11 U.S.C. §§ 547, 550 and 551]**<br><br>**STATUS CONFERENCE**<br>DATE:     [To Be Set by Summons]<br>TIME:      [To Be Set by Summons]<br>PLACE:    Courtroom 201<br>                United States Bankruptcy Court<br>                1415 State Street<br>                Santa Barbara, CA 93101 |

Corporate Recovery Associates, LLC, solely in its capacity as the liquidating trustee ("Liquidating Trustee" or "Plaintiff") appointed under the confirmed Chapter 11 Liquidating Plan (as modified, "Plan") of Debtor Channel Technologies Group, LLC ("Debtor"), for its complaint (the "Complaint") against Defendant Lynn Chen ("Defendant"), alleges upon information and belief as follows:

## I.

## STATEMENT OF JURISDICTION AND VENUE

1. The Debtor filed a petition under Chapter 11 of Title 11 of the United States Code on October 14, 2016 (the "Petition Date"), initiating In re Channel Technologies Group, LLC, Case No. 9:16-bk-11912-DS (the "Bankruptcy Case").

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 and Article IX of the Plan.

3. This adversary proceeding is a core proceeding under, *inter alia*, 28 U.S.C. §157(b)(2).

4. This adversary proceeding is a civil proceeding arising in and related to the Bankruptcy Case, and such case is pending before this Court. Accordingly, venue in this Court is proper under 28 U.S.C. § 1409(a).

## II.

## PROCEDURAL BACKGROUND

5. On March 2, 2018, the Court entered the *Order Confirming Chapter 11 Liquidating Plan* ("Confirmation Order") [Docket No. 473], which, among other things, confirmed the Plan.[1]

6. The Plan provides, among other things, for the establishment of a liquidating trust ("Liquidating Trust") and the appointment of the Liquidating Trustee as trustee of the Liquidating Trust.

7. The Liquidating Trust is established for the purpose of, among other things,

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

Case 9:18-ap-01057-DS    Doc 1    Filed 10/12/18    Entered 10/12/18 16:13:18    Desc
Main Document    Page 3 of 10

administering, investigating, prosecuting, settling and abandoning any and all manner of causes of action, claims, obligations, suits, debts, judgments, demands, rights of offset or recoupment, damages (actual, compensatory or punitive), counterclaims or affirmative defenses, whatsoever, whether in law or in equity of the Debtor and the Debtor's bankruptcy estate, including, but not limited to, (i) any claim or right under the following: 11 U.S.C. §§ 544, 545, 547, 548, 549, 550, 551 and 553(b); all prevailing fraudulent conveyance and fraudulent transfer laws; all non-bankruptcy laws vesting in creditors' rights to avoid, rescind, or recover on account of transfers, including, but not limited to, claims relating to illegal dividends; all preference laws; the Uniform Fraudulent Transfer Act; and California Civil Code sections 3439 and 3440, *et seq.* and (ii) any and all claims (if any) against former managers, officers, directors, employees and/or agents of the Debtor, except as otherwise set forth in the Plan (collectively, "Causes of Action").

8. Therefore, pursuant to the Confirmation Order and the Plan, the Liquidating Trustee was granted requisite standing and authority to prosecute and pursue Causes of Action.

9. On April 2, 2018, the Liquidating Trustee filed the *Notice of: (1) Occurrence of Effective Date of Chapter 11 Liquidating Plan, and (2) Deadlines for Filing Certain Claims and Requests for Payment* [Docket No. 547], pursuant to which the Liquidating Trustee gave notice that the Effective Date of the Plan had occurred on April 2, 2018.

10. Pursuant to the Plan, the Liquidating Trustee was appointed as of the Effective Date.

### III.

### PARTIES

11. Pursuant to the Plan, the Plaintiff is authorized to prosecute and resolve Causes of Action on behalf of the Debtor's estate.

12. The Defendant Lynn Chen is an individual, the former Chief Financial Officer of the Debtor, and a resident of the State of California.

MAINDOCS-#235856-v3-CTG_Chen_Preference_Complaint

## IV.

## **GENERAL ALLEGATIONS**

13. On or about May 29, 2015, the Defendant was employed by the Debtor as Chief Financial Officer pursuant to that certain Offer of Employment Letter Agreement, executed by and between the Debtor and the Defendant ("Employment Agreement"), which provided, among other things, for severance payments to the Defendant upon the Debtor's termination of the Defendant's employment.

14. On or about February 17, 2016, the Debtor and the Defendant entered into that certain Severance Agreement and General Release ("Severance Agreement"), which provided for, among other things, the termination of the Defendant's employment as of February 15, 2018 and the modification of the terms of the Defendant's severance payments.

15. On or about March 4, 2016, the Debtor made a transfer of an interest in the Debtor's property to or for the benefit of the Defendant through the payment to the Defendant of a severance payment in the amount of $10,185.66 ("March 4 Transfer"), pursuant to the terms of the Employment Agreement and the Severance Agreement.

16. On or about March 18, 2016, the Debtor made a transfer of an interest in the Debtor's property to or for the benefit of the Defendant through the payment to the Defendant of a severance payment in the amount of $193,527.63 ("March 18 Transfer" and, together with the March 4 Payment, the "Preferential Transfers"), pursuant to the terms of the Employment Agreement and the Severance Agreement.

17. Each of the Preferential Transfers was made within one (1) year prior to the Petition Date ("Preference Period").

18. The Defendant, as Chief Financial Officer, was an insider of the Debtor, as such term in defined in 11 U.S.C. §101(31), when each of the Preferential Transfers were made.

19. During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. Plaintiff intends to avoid and recover all transfers made by the Debtor of an interest of the Debtor

in property and to or for the benefit of Defendant. The Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Preferential Transfers(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action authorized by the Plan (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## V.

## **FIRST CLAIM FOR RELIEF**

**(To Avoid Preferential Transfers Pursuant to 11 U.S.C. § 547)**

20. The Plaintiff realleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

21. The Preferential Transfers were made from property of the Debtor.

22. The Defendant, as Chief Financial Officer of the Debtor, was an "insider" of the Debtor, as that term is defined in 11 U.S.C. § 101(31), when the Employment Agreement and the Severance Agreement were entered into and when the Transfers were made.

23. The Preferential Transfers were made within one (1) year of the Petition Date.

24. The Preferential Transfers were made to or for the benefit of the Defendant.

25. The Defendant was a creditor of the Debtor at the time of the Preferential Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Preferential Transfers, the Defendant had a right to payment on account of an obligation owed to Defendant by the Debtor.

26. Each of the Preferential Transfers was made on account of an antecedent debt owed by the Debtor to the Defendant before the Preferential Transfers were made. The Preferential Transfers were each made on account of a debt obligation for which the Debtor was legally bound to pay to the Defendant pursuant to the terms of the Employment Agreement and the Severance Agreement.

27. The Preferential Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Preferential Transfers either reduced or fully satisfied a debt then owed by the Debtor to the Defendant.

28. The Debtor was insolvent at the time of the Preferential Transfers in that the sum of its debts was greater than the fair value of its assets, within the meaning of 11 U.S.C. § 101(32)(A) and 11 U.S.C. § 547(b)(3).

29. By reason of the Preferential Transfers, the Defendant received more on account of her claim than the Defendant would receive if this case were a case under Chapter 7 of the Bankruptcy Code, the Preferential Transfers had not been made, and the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

30. As of the date hereof, the Defendant has not returned any of the Preferential Transfers to the Debtor.

31. The Plaintiff is entitled to an order and judgment pursuant to 11 U.S.C. § 547 that avoids the Preferential Transfers.

## VI.

## SECOND CLAIM FOR RELIEF

### (To Recover Avoided Transfers from Defendant for the Benefit of the Estate Pursuant to 11 U.S.C. § 550)

32. The Plaintiff realleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

33. The Defendant was the initial transferee of each of the Preferential Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfers were made.

34. Pursuant to 11 U.S.C. § 550(a), the Plaintiff is entitled to recover from Defendant the Preferential Transfers or the value of such Preferential Transfers.

## VII.

## THIRD CLAIM FOR RELIEF

### (To Preserve Preferential Transfers for the Benefit of the Estate Pursuant to 11 U.S.C. § 551)

35. The Plaintiff realleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

36. Pursuant to 11 U.S.C. § 551, the Preferential Transfers are preserved for the benefit of the estate as the Preferential Transfers are avoidable under 11 U.S.C. § 547 as set forth hereinabove.

## VIII.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant as follows:

A. Pursuant to the First Claim for Relief, enter judgment in favor of the Plaintiff and against the Defendant under 11 U.S.C. § 547 to avoid the Preferential Transfers in an amount not less than $203,713.29;

B. Pursuant to the Second Claim for Relief, enter judgment in favor of the Plaintiff and against the Defendant under 11 U.S.C. § 550 to recover the Preferential Transfers or the value thereof;

C. Pursuant to the Third Claim for Relief, enter judgment in favor of the Plaintiff and against the Defendant under 11 U.S.C. § 551 to preserve for the benefit of the estate the Preferential Transfers in an amount not less than $203,713.29;

D. Award the Plaintiff prejudgment interest at the legally allowed applicable rate;

E. Award the Plaintiff costs, and expenses of suit herein; and

/ / /

/ / /

/ / /

1      F.    Grant the Plaintiff such other and further relief the Court deems just and
2  appropriate.

3  Dated: October 12, 2018      **WINTHROP COUCHOT**
    **GOLUBOW HOLLANDER, LLP**

By: /s/ *Andrew B. Levin*
    Robert E. Opera
    Richard H. Golubow
    Andrew B. Levin
Counsel for Liquidating Trustee Appointed under
Confirmed Chapter 11 Liquidating Plan

-8-

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>CORPORATE RECOVERY ASSOCIATES, LLC, as Liquidating Trustee appointed under the confirmed Chapter 11 plan of Channel Technologies Group, LLC | **DEFENDANTS**<br>LYNN CHEN |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>RICHARD H. GOLUBOW – State Bar No. 160434 rgolubow@wcghlaw.com<br>ANDREW B. LEVIN – State Bar No. 290209 alevin@wcghlaw.com<br>WINTHROP COUCHOT GOLUBOW HOLLANDER, LLP<br>1301 Dove Street, Suite 500<br>Newport Beach, CA 92660<br>Telephone: (949) 720-4100/Facsimile: (949) 720-4111 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS OF PROPERTY [11 U.S.C. §§ 547, 550 and 551] ||

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☒ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 203,713.29 |

**Other Relief Sought**
Enter judgment in favor of the Plaintiff and against the Defendant under 11 U.S.C. § 547 to avoid the Preferential Transfers in an amount not less than $203,713.29; enter judgment in favor of the Plaintiff and against the Defendant under 11 U.S.C. § 550 to recover the Preferential Transfers or the value thereof; enter judgment in favor of the Plaintiff and against the Defendant under 11 U.S.C. § 551 to preserve for the benefit of the estate the Preferential Transfers in an amount not less than $203,713.29; award the Plaintiff prejudgment interest at the legally allowed applicable rate; award the Plaintiff costs, and expenses of suit herein; and grant the Plaintiff such other and further relief the Court deems just and appropriate.

230287

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>CHANNEL TECHNOLOGIES GROUP, LLC | BANKRUPTCY CASE NO.<br>9:16-bk-11912-DS | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>NORTHERN | NAME OF JUDGE<br>Deborah J. Saltzman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>October 12, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Andrew B. Levin | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.