| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Joseph M. Sholder   Bar No. 126347<br>Felicita A. Torres    Bar No. 298630<br>Griffith & Thornburgh, LLP<br>8 E. Figueroa Street, Suite 300<br>Santa Barbara, CA 93101<br>Phone: (805) 965-5131<br>Fax: (805) 965-6751<br>Email: sholder@g-tlaw.com<br>Email: torres@g-tlaw.com | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Plaintiff, Corporate Recovery Assoc., LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br><br>CHANNEL TECHNOLOGIES GROUP, LLC,<br><br>Debtor(s). | CASE NO.: 9:16-bk-11912-DS<br><br>ADVERSARY NO.: 9:18-ap-01057-DS<br><br>CHAPTER: 11 |
|---|---|
| CORPORATE RECOVERY ASSOCIATES, LLC, as Liquidating Trustee appointed under the confirmed Ch. 11 plan of Channel Techologies Group, LLC,<br><br>Plaintiff(s).<br>vs.<br><br>LYNN CHEN,<br><br>Defendant(s) | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]**<br><br>DATE: March 19, 2019<br>TIME: 10:30 a.m.<br>COURTROOM: 201<br>ADDRESS:<br>1415 State Street<br>Santa Barbara, CA 93101 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1 (a)(2):

**A. PLEADINGS/SERVICE:**

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?  ☒ Yes  ☐ No
2. Have all parties filed and served answers to the Claims Documents?  ☒ Yes  ☐ No
3. Have all motions addressed to the Claims Documents been resolved?  ☒ Yes  ☐ No
4. Have counsel met and conferred in compliance with LBR 7026-1?  ☒ Yes  ☐ No

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below *(or on attached page)*:

B. **READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?

| Plaintiff | Defendant |
|---|---|
| November 2019 | November 2019 |

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

| Plaintiff | Defendant |
|---|---|
| Among the issues Defendant has raised is solvency. The solvency analysis is complicated and will require the review and analysis of over thousands of detailed and voluminous documents. | Defendant has challenged several elements of plaintiff's case, including solvency. The solvency analysis is complicated and will require the review and analysis of over thousands of detailed and voluminous documents. |

3. When do you expect to complete <u>your</u> discovery efforts?

| Plaintiff | Defendant |
|---|---|
| September 2019 | October 2019 |

4. What additional discovery do you require to prepare for trial?

| Plaintiff | Defendant |
|---|---|
| Unknown at this time. | Written discovery, production of documents and the deposition of the person(s) most knowledgeable regarding plaintiff's solvency, bankruptcy planning, financial condition in 2015-16, recuitment of Lynn Chen, representations made to Lynn Chen in recruiting her to work for CTG, and her termination. |

C. **TRIAL TIME:**

1. What is your estimate of the time required to present <u>your side of the case</u> at trial *(including rebuttal stage if applicable)*?

| Plaintiff | Defendant |
|---|---|
| 5 days | 5 days. |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                    Page 2                                    F 7016-1.STATUS.REPORT

2. How many witnesses do you intend to call at trial *(including opposing parties)?*

| Plaintiff | Defendant |
| --- | --- |
| Estimated 10 | Estimated 5. |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015    Page 2    **F 7016-1.STATUS.REPORT**

3. How many exhibits do you anticipate using at trial?

| Plaintiff | Defendant |
|---|---|
| Unknown, but voluminous. | Unknown, but voluminous. |

### D. PRETRIAL CONFERENCE:

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pretrial conference ☒ is ☐ is not requested | Pretrial conference ☒ is ☐ is not requested |
| Reasons: | Reasons: |

| Plaintiff | Defendant |
|---|---|
| Pretrial conference should be set *after*: | Pretrial conference should be set *after*: |
| *(date)* 30 days after discovery cutoff | *(date)* 30 days after discovery cutoff |

### E. SETTLEMENT:

1. What is the status of settlement efforts?

    Ms. Chen requested that plaintiff's prior counsel dismiss the action. See comments below in "G. Additional comments."

2. Has this dispute been formally mediated?    ☐ Yes    ☒ No
    If so, when?

3. Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
|---|---|
| ☐ Yes  ☒ No | X Yes  ☐ No |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015     Page 3     F 7016-1.STATUS.REPORT

## F. FINAL JUDGMENT/ORDER:

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

| Plaintiff | Defendant |
|---|---|
| I ☒ do ☐ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. | I ☒ do ☐ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. |

## G. ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL: *(Use additional page if necessary)*

The "preference" at issue was a severance payment received 3 years ago in March 2016. Ms. Chen was a short-term (7 months) employee recruited to work for CTG based upon misrepresentations that it was a "a successful and rapidly growing business." Based upon these misrepresentations, Ms. Chen, a single mother of 3, resigned her job, accepted the CTG job, and moved her family to Santa Barbara. Seven months later, she was terminated. Eight months after her termination, CTG filed bankruptcy. Defendant was not involved in the planning or decision to file bankruptcy.

The complaint seeks to avoid $203,000 but the gross severance was only $180,000 and after taxes, Defendant netted only $96,098. After CTG terminated her, it took her 7 months to find a job and she needed that money to support her family until she was able to find another job. Thirty months after she was fired, plaintiff filed this action to avoid the severance as a preference.

Defendant believes Plaintiff cannot establish the elements to avoid the payment as a preference but even if it could establish each of the elements, it would be unjust to require Ms. Chen to return the severance payment. This action should be dismissed.

Respectfully submitted,

Date: March 4th, 2019

Griffith & Thornburgh, LLP
Printed name of law firm

_/s/_
Signature

Felicita A. Torres
Printed name

Attorney for: Plaintiff Corporate Recovery Associates

Date: March 4, 2019

Kaufman McAndrew LLP
Printed name of law firm

_/s/_
Signature

Stephen F. McAndrew
Printed name

Attorney for: Defendant Lynn Chen

In re: Corporate Recovery Assoc. etc., vs. Lynn Chen
United States Bankruptcy Court, Case No. 9:18-bk-01057-DS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8 E. Figueroa Street, Suite 300, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*): _____
**Joint Status Report**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 5, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

John P Byrne    John.Byrne@byrnelawcorp.com
•Andrew B Levin    alevin@wcghlaw.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com
•Robert E Opera    ropera@wcghlaw.com,
pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
•Joseph M Sholder    sholder@g-tlaw.com
• United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 5, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge Deborah J. Saltzman
United States Bankruptcy Court
Roybal Federal Building
255 E. Temple Street  Suite 1634 Bin
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 5 2019 | Evelyn R. Downs | _signature_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE